UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSEPH G. SCHWABE,

        Plaintiff,        3:11-cv-00785-CL

        v.        REPORT AND
                RECOMMENDATION

DANIEL STATON, et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff filed complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eight and Fourteenth Amendment rights while he was incarcerated in the Multnomah County Jail. Plaintiff alleges that defendants violated his rights "by failing to provide Plaintiff with proper medical attention in a timely manner and/or denying, delaying, or intentionally interfering with plaintiff's medical treatment." Amended Complaint (#31) p. 5.

    Defendants now move for summary judgment (#43). On March 18, 2013, plaintiff was sent a **Summary Judgment Advice Notice** (#46).

1 - REPORT AND RECOMMENDATION

However, plaintiff has not filed a response to defendants' motion.

The facts giving rise to plaintiff's claims are set forth in Defendants' Memorandum (#44) at pages 2 - 3 and the Declaration of David S. Blankfeld (#45).

In a nutshell, plaintiff was allegedly struck by a separating gate that was inadvertently lowered inside a non-public elevator in the Multnomah County Courthouse. The deputies transporting plaintiff asked plaintiff whether he whether or not he wanted to attend his impending court hearing and plaintiff responded in the affirmative. Plaintiff walked to the hearing unassisted. Upon his return to the Iverness Jail, plaintiff was taken to a medical services provider and received a medical examination.

Plaintiff complained of neck pain, but said that his head was not hurt. Defendant Sinclair noted on the medical report that there was no redness, no edema, no open areas to the top of (plaintiff's) head, and no deformity of his neck. Plaintiff requested a cervical collar, which was provided. Defendant Sinclair told plaintiff to continue taking ibuprofen and not to lift or exercise until further evaluation. Plaintiff refused defendant Sinclair's advice to apply ice. Plaintiff noted that defendant Sinclair was "extremely nice ... very professional."

The following day, plaintiff saw another registered nurse at the jail, but complained only of "cracked, dry feet." Plaintiff did not mention any discomfort in his head or neck during the

2 - REPORT AND RECOMMENDATION

appointment.

Subsequently, plaintiff was transferred to the Columbia County Correctional Facility, where he was relieved of his soft neck brace because it was deemed not medically necessary.

Plaintiff alleges denial of adequate medical care claims under the Eighth and Fourteenth Amendments. Because plaintiff was a pre-trial detainee at the time of the incident giving rise to his claims, they are properly analyzed under the substantive due process clause of Fourteenth Amendment. *See*, Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Lolli v. County of Orenge, 351 F.3d 410, 418 (9th Cir. 2003). However, because the rights under both the Eighth and Fourteenth Amendments are comparable, the Ninth Circuit applies the same standards to both claims. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); *see also*, Tyler v. Rocha, 2009 US Dist. LEXIS 20883 (ED Cal March 13, 2009) (*citing*, Graham v. Connor, 490 U.S. 386 (1989).

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); *see also*, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) the seriousness of the prisoner's

3 - REPORT AND RECOMMENDATION

medical needs, and 2.) the nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc v. Miller, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." Id. at 1060; see also, Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).

Under the deliberate indifference standard, the prison official must: 1.) Be aware of facts from which an inference can be drawn that there is a substantial risk of serious harm to the inmate, and 2.) The prison official must also actually draw that inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Medical malpractice, even gross malpractice, does not amount to a violation of the Eight Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C.

4 - REPORT AND RECOMMENDATION

§ 1983. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" <u>Id</u>, (quoting <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996.

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." <u>Miranda v. Munoz</u>, 770 F.2d 255, 259 (1st Cir. 1985); <u>Layne v. Vinzant</u>, 657 F.2d 468, 474 (1st Cir. 1985); <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004).

Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment. <u>Parham v. J.R.</u>, 442 U.S. 584,(1976); <u>Estate of Conners v. O'Conner</u>, 846 F.2d 1205, 1209 (9th Cir. 1988), cert. Denied, 489 U.S. 1065 (1989).

In this case, plaintiff has not offered any evidence to support the general allegations that he was denied immediate medical attention. Nor has plaintiff alleged any specific facts in support of his claim that defendants neglect caused him "continued severe physical pain, and disabling affects." Amended Complaint (#31) p. 3.

5 - REPORT AND RECOMMENDATION

Plaintiff has not controverted the evidence submitted by defendants that he received immediate, appropriate and constitutionally adequate medical care. There is no evidence from which a reasonable trier of fact could conclude that defendants were deliberately indifferent to plaintiff's serious medical needs.

Defendants' Motion for Summary Judgment (#43) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

6 - REPORT AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 20 day of June, 2012.

_____
Mark D. Clarke
United States Magistrate Judge